UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHNATHAN PARNELL | * | CIVIL ACTION |
| VERSUS | * | NO: 10-0184 |
| C. MARTIN COMPANY, INC., ET AL | * | SECTION: "D"(2) |

**<u>ORDER AND REASONS</u>**

Before the court is the **Partial Motion to Dismiss (Doc. No. 4)** filed by Defendant, C. Martin Company, Inc. Plaintiff, Johnathan Parnell, filed a memorandum in opposition. The motion, set for hearing on Wednesday, March 10, 2010, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court rules.

In this suit, Plaintiff, allegedly a former employee of C. Martin, sues C. Martin for "negligent" infliction of emotional distress, retaliatory discharge, violation of the "federal" Whistleblower Statute, breach of contract and breach of settlement agreement. (Petition at ¶45). Defendant now seeks to have the court dismiss Plaintiff's claims of negligent infliction of

emotional distress and retaliatory discharge.

Plaintiff filed this suit in state court on October 23, 2009, and Defendant timely removed it to this court under the court's diversity jurisdiction. In his suit, Plaintiff alleges that he worked for Defendant in 2006 as a preventive maintenance data inspector on an hourly basis and then as a contractual full time data manager, but he was ultimately terminated. Plaintiff does not allege a specific date on which he was terminated.

Upon termination, Plaintiff allegedly filed a complaint with the Equal Employment Opportunity Commission, and that he and Defendant entered into a settlement agreement concerning the charges he brought against Defendant. (Petition at ¶¶37-38). Pursuant to this alleged settlement agreement, Plaintiff alleges that Defendant agreed to: provide him with letters of recommendation to third party employers; set up an interview between Wayne Carroll (Defendant's hiring manager) and himself; and provide successive offers of employment to him as Defendant was awarded contracts. (*Id.* at ¶40). Plaintiff maintains that Defendant has failed to comply with this settlement agreement. (*Id.* at ¶41).

Defendant argues that Plaintiff's claims for negligent infliction of emotional distress and retaliatory discharge (to the extent that Plaintiff's claim is asserted under LSA-R.S. 23:1361),

2

each of which claim has a one year prescription limitation, are prescribed because his claims were filed more than three years since his discharge from employment. While Plaintiff's allegations do not include a date on which was discharged, Plaintiff admits in his opposition memorandum that "[f]ollowing the settlement agreement (reached between Defendant and Plaintiff when the EEOC scheduled a mediation), Mr. Parnell waited patiently for over a year for C-Mart to honor its agreement." (Plaintiff's Opp. at p. 6). The court concludes that, while Plaintiff's claim for breach of the alleged settlement agreement has not prescribed, his claims for negligent infliction of emotional distress and retaliatory discharge (to the extent that Plaintiff's claim is asserted under LSA-R.S. 23:1361) are prescribed. Plaintiff argues that his claims are not prescribed because Defendant "lulled" him into not filing suit by entering into a settlement agreement that it has not honored or alternatively because the doctrine of *contr non valentum* applies to interrupt prescription. The court finds these arguments are without merit and rejects them.

Further, the court finds that Plaintiff's claim for negligent infliction of emotional distress is barred by the Louisiana Workers' Compensation Statute (LSA-R.S. 23:1032), which is the exclusive remedy for injuries or damages caused by an employer's negligence in the course and scope of employment. To the extent

3

that plaintiff is alleging negligent infliction of emotional distress from Defendant's alleged breach of settlement agreement between Defendant and Plaintiff following an alleged mediation by the EEOC, or from any act outside the course and scope of his employment, the court finds that Plaintiff has failed to allege "an especial likelihood of genuine and serious mental distress" which serve to guarantee that the claim is not spurious. *Moresi v. Dept. of Wildlife & Fisheries*, 567 So.2d 1081, 1096 (La. 1990).

In his opposition to Defendant's motion, Plaintiff argues that his claim for infliction of emotional distress is *intentional* (even though he alleges *negligent* infliction of emotional distress in his petition). To recover for intentional infliction of emotional distress under Louisiana law, a plaintiff must establish that: (1) Defendant's conduct was extreme and outrageous; (2) the emotional distress suffered by plaintiff was severe; and (3) the Defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from its conduct. *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991). Here, the court finds that Plaintiff's pleadings fall far short of alleging the necessary facts for the finding of *intentional* infliction of emotional distress by Defendant. Thus, the court finds that Plaintiff's claim for negligent and/or intentional infliction of emotional distress should be dismissed

4

for failure to state a claim.

Defendant also argues that to the extent that Plaintiff's retaliatory discharge claim is based on the "Louisiana Whistleblower Statute," he fails to state a claim for relief because there is no allegation that his former employer committed an actual violation of state law. (Defendants' Memo. at p. 5). The court rejects this argument because in his petition, Plaintiff alleges a "Violation of Federal Whistle Blower Statue." (Petition at ¶45). Interestingly, in his opposition to Defendant's motion, Plaintiff confirms that his claim for retaliation is based on the "Federal Whistle Blower Statute," but he proceeds to argue that his claim under the Louisiana Whistle Blower Statute should not be dismissed. (Plaintiff's Opp. at pp. 7-9). Again, Plaintiff has not asserted in his Petition a claim under the *Louisiana* Whistle Blower Statute.

Accordingly;

**IT IS ORDERED** that Defendant's **Partial Motion to Dismiss (Doc. No. 4)** be and is hereby **GRANTED** to the extent that the court **DISMISSES** Plaintiff's claims for negligent/intentional infliction of emotional distress and retaliatory discharge under LSA-R.S. 23:1361. Plaintiff's claim under the *Federal* Whistle Blower Act, which is not addressed in Defendant's motion, remains viable at this juncture. Plaintiff has not alleged a claim under the

*Louisiana* Whistle Blower Statute, and thus any argument addressing this non claim is superfluous.

**IT IS FURTHER ORDERED** that Defendant's incorporated request for fees and costs be and is hereby **DENIED.**

New Orleans, Louisiana, this **10th** day of **March**, **2010**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE