UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHNATHAN PARNELL					CIVIL ACTION

VERSUS							NO. 10-184

C. MARTIN COMPANY, INC.				SECTION "D" (2)
ET AL.

### ORDER ON MOTION

Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed AND a copy be delivered to chambers eight days prior to the date set for hearing of the motion. No memorandum in opposition to Defendant's Motion to Strike Objections and Compel Discovery, Record Doc. No. 15, set for hearing on August 4, 2010 at 11:00 a.m. without oral argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed.

On the morning of the scheduled hearing, the court received a faxed letter from defendant's counsel, Michelle Anderson (which has been separately filed in the record), stating that plaintiff had provided to her some supplemental interrogatory answers the previous afternoon. She noted, however, that the Supplemental Answers to Interrogatories were not verified by the person making them, as required by Fed. R. Civ. P. 33(b)(1), (3) and (5), and that she still had not received supplemental responses to

defendant's Request for Production of Documents. Therefore, she stated that she would not withdraw her Motion to Strike Objections and Compel Discovery.

Shortly after I received Ms. Anderson's letter, plaintiff's counsel appeared in my chambers and gave my staff a copy of a purported, single-page verification of Answers to Interrogatories. He advised that he would hand deliver the original verification to defendant's counsel immediately. However, plaintiff's verification is not attached to any Answers to Interrogatories. It is dated June 24, 2010, so it could not refer to his Supplemental Answers to Interrogatories, which are dated August 3, 2010.

Therefore, in light of plaintiff's dilatory, inadequate and piecemeal submissions of discovery responses, which remain insufficient, and it appearing to the court that the motion has merit,

**IT IS ORDERED** that the motion is GRANTED and plaintiff is **HEREBY ORDERED** to respond to defendant's discovery requests fully and in writing, <u>without objection</u>, in one single, complete response that contains <u>all</u> of his current Answers to Interrogatories (with a proper verification) and another single, complete response to defendant's Requests for Production, in accordance with Fed. R. Civ. P. 33 and 34, and to make <u>all</u> responsive documents available to defendant's counsel, no later than **August 18, 2010**.

All objections have been waived by plaintiff's failure to provide defendant with timely responses. Fed. R. Civ. P. 33(b)(4); Poulos v. Naas Foods, Inc., 959 F.2d 69, 74 (7th Cir. 1992); Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10, 12-13 (1st Cir. 1991); McLeod, Alexander, Powell & Apffel v. Quarles, 894 F.2d 1482, 1484 (5th Cir. 1990); In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989). Even after counsel agreed to an extension of time to respond until June 14, 2010, plaintiff did not provide timely responses. When plaintiff finally did respond, he included improper objections and incomplete responses, and he still has not produced any responsive documents or the required privilege log to support his allegations of attorney-client privilege. Fed. R. Civ. P. 26(b)(5). Under somewhat similar circumstances in other cases, failure to provide a privilege log has resulted in a finding that any privilege has been waived. Lee v. State Farm Mut. Auto. Ins. Co., 249 F.R.D. 662, 683 (D. Colo. 2008); Lugosch v. Congel, 219 F.R.D. 220, 239 (N.D. N.Y. 2003); Nagele v. Electronic Data Sys. Corp., 193 F.R.D. 94, 108 (W.D.N.Y. 2000); Bordonaro v. Union Carbide Corp., No. 93-3355, 1995 WL 234545, at *2 (E.D. La. Apr. 20, 1995) (Duval, J.); Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 594 (W.D.N.Y. 1996); Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 914 F. Supp. 1172, 1178 (E.D. Pa. 1996); see also Haid v. Wal-Mart Stores, Inc., No. 99-4186-RDR, 2001 WL 964102, at *2 (D. Kan. June 25, 2001) ("As plainly indicated by Rule 26(b)(5), the question whether

materials are privileged is for the court, not the [party asserting the privilege], to decide, and the court has a right to insist on being presented with sufficient information to make that decision."). Accordingly, all objections have been waived and are stricken.

In addition, plaintiff's responses identified in defendant's motion as deficient are vague, incomplete and evasive. Fed. R. Civ. P. 37(a)(4). Among other deficiencies, plaintiff cannot evade <u>his</u> <u>own</u> obligation to respond to discovery requests with information and materials within his possession, custody or control by stating that "defendants have this information."

Finally, plaintiff must pay to defendant $600 in attorney's fees for his failure to respond timely to discovery served on April 29, 2010, his dilatory, evasive and incomplete responses and his complete failure to provide any responsive documents, all necessitating this motion. Fed. R. Civ. P. 37(a)(5)(A).

New Orleans, Louisiana, this  4th  day of August, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

4